UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

IN RE: CASE NO. 3:19-cv-001466 (S.D.OHIO)

JOHNSON ELECTRIC NORTH AMERICA,
INC.

      Plaintiff,

v.

HONEYWELL INTERNATIONAL, INC.

      Defendants.

THIRD PARTY RECIPIENT FALCO
ELECTRONICS' RESPONSES AND OBJECTIONS TO SUBPOENA

Third Party Subpoena Recipient, Falco Electronics ("Falco"), pursuant to Fed. R. Civ. P. 45(d)(2)(b) provides its objections to the subpoena duces tecum served upon it by Johnson Electric North America, Inc. ("Johnson Electric"), by U.S. Mail on or about June 2, 2020 (Exhibit "A") [1] as follows:

PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.      Falco objects to the subpoena duces tecum to the extent that it seeks documents that are duplicative and cumulative of documents that should be more readily available from a party to the proceeding, rather than a non-party such as Falco. This unnecessary burdening, inconveniencing, and requiring a third party to engage in expensive production when less expensive alternatives are available is in contravention to Fed. R. Civ. P. 26(b)(2)(C). Johnson Electric seeks information that should be readily available from an actual party to the

---

[1] To undersigned's understanding, the subpoena was only served by regular U.S. Mail and due to the Covid19 epidemic and building closures, it is uncertain when exactly the subpoena was served, if at all.Falco has requested but has not yet received the return of service of the subpoena.

proceeding, Honeywell International, Inc. ("Honeywell").  *See, e.g., Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 U.S. Dist. LEXIS  107723, at \*9 (N.D. Ill. Aug. 17, 2015) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative ."); *Hemlock Semiconductor  Corp. v. Kyocera Corp.,* No. l 5-cv-11236, 2016 U.S. Dist. LEXIS 915, at \*56 (E.D. Mich. Jan. 6, 2016) (quashing non-party subpoenas, in part, because they were unreasonably cumulative or duplicative of discovery the defendant was able to obtain directly from the plaintiff).   Here, most if not all of the information Johnson Electric seeks from Falco is duplicative or cumulative of information it can seek from Honeywell.

2.      Johnson has submitted twelve broad categories of document requests which are in fact, overbroad, seek proprietary competitive information and are unduly burdensome. Falco is a competitor of Johnson.  Falco objects to the production of any electronically stored information ("ESI") or paper documents until Falco has had the opportunity to confer with all parties, determine how the requests can be narrowed to avoid undue burden and expense, including the preparation of ESI protocols narrowing down the relevant time period specified and the scope of the requests in accordance with Fed. R. Civ. P. 26(b)(2)(B) and (C) to prevent significant expense resulting from compliance and to protect Falco from disclosing trade secrets and confidential research, development or commercial information or other privilege.  Fed. R. Civ. P.45(d)(2)(B), (d)(3) and (e)(2)(A)(B).  Falco reserves the right to file a motion to quash the subpoena after conferring with Johnson.

3.      Falco objects to the production of all documents designated in the subpoena duces tecum to the extent that the Request seeks discovery or information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure or is otherwise overbroad, unduly burdensome, or harassing.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

4.      Falco objects to any production of all documents designated in the subpoena duces tecum which contains words or phrases which are undefined and thus require Falco to guess or speculate as to what information is being requested under the Request and which is also, consequently, vague, and ambiguous.

5.      Ms. Elisa Gibellini is General Counsel to a multiple number of "Falco" corporations.   Consequently, addressing the subpoena duces tecum to "Falco c/o Ms. Elisa Gibellini, General Counsel" renders the subpoena duces tecum vague, ambiguous and overbroad and forces Falco to guess or speculate as to which Falco entity the documents are being requested from.

6.      Falco does not concede that the documentation and/or information is properly discoverable or admissible at trial and reserves the right to object to further discovery into the subject matter of each request and to object to the admissibility of the information provided.

7.      Falco reserves the right to supplement or amend its responses.

8.      Subject to these objections, above, Falco submits the following specific objections:

### FALCO'S SPECIFIC RESPONSES TO JOHNSON ELECTRIC'S SUBPOENA

1.      **Request No. 1 (As Amended):** [2]  All documents related to any contractual agreement or potential agreement with Honeywell as it relates to the Alpha4 project, between 2015 and the present, including but not limited to related correspondence and drafts of any such agreement.

> **RESPONSE:** Falco objects to Request No. 1, as amended, because it is overly broad and unduly burdensome. Moreover, Falco objects to this Request because it is not

---

[2] By email dated June 10, 2020 (attached hereto as Exhibit "B"), counsel for Johnson proposed to narrow some of the requests.   Consequently, Falco has included the proposed amended requests rather than the original requests as originally propounded.

CASE NO. 3:19-CV-00146

limited to a reasonable time limitation. Furthermore, Falco objects to this Request because it seeks information that can easily be obtained by discovery directly from Honeywell without burdening a third party such as Falco. Further, by this request Johnson is seeking trade secret or other confidential research, development or commercial competitive and proprietary information of Falco's means and methods which shall be set forth by separate motion to quash. Moreover, this request is particularly onerous as it seeks proprietary information from a Johnson Electric competitor.

Falco also objects to Johnson Electric's document request as it seeks to obtain confidential and proprietary business dealings between Honeywell and Falco and also objects to this request because it seeks information that is confidential and proprietary.   Ultimately to the extent that any such information is determined to be discoverable shall only be produced subject to a properly entered Protective & Confidentiality Order.

2.      **Request No. 2**: All documents related to any contractual agreement or potential

agreement with Honeywell, related to Honeywell's Alpha 4 Program, including but not limited

to related correspondence and drafts of any such agreement.

**RESPONSE:** Other than the reference to the amendment, see response and objection **to** Request No. 1.  because it seeks information that is confidential and/or proprietary and from a Johnson Electric competitor.

3.      **Request No. 3**: All documents related to the design, manufacture, or production

of a meter base, relay or switch for Honeywell's Alpha 4 Program.

**RESPONSE:** Falco objects to this request because it seeks information that is confidential and/or proprietary. Falco also objects to this request because it seeks information that can easily be obtained by discovery propounded onto Honeywell. Falco also objects to this request because any information not in possession of Honeywell is confidential and/or proprietary.  Such information, to the extent produced by Falco, shall only be produced subject to a properly entered Protective and Confidentiality Order, which the parties shall agree upon. Moreover, this request particularly seeks proprietary information from a Johnson Electric competitor.

- 4 -

4.      **Request No. 4**: All documents regarding Honeywell's Alpha 4 Program, including, but not limited to, specifications, requirements, forecasts, purchase orders, quotes, or agreements.

> **RESPONSE:** Falco objects to Request No. 4 because it seeks information that is confidential and/or proprietary. Furthermore, Falco also objects to this Request because it seeks information that can easily be obtained by discovery propounded onto Honeywell. Falco objects to Request No. 4 because it is overly broad and unduly burdensome. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

5.      **Request No. 5**: All correspondence between Falco Electronics and Honeywell related to the Alpha 4 Program.

> **RESPONSE:** Falco objects to Request No. 5 because it is overly broad and unduly burdensome. Falco also objects to this Request because it seeks information that is confidential and/or proprietary.  In any event, if the determination is made that this request must be complied with, Such information, to the extent produced by Falco, such information shallould only be produced subject to a properly entered Protective & Confidentiality Order.

6.      **Amended Request No. 6**: All correspondence, between 2017 and the present, between Falco Electronics and Honeywell mentioning or referring to Johnson Electric and the Alpha4 project, the RexU product, or the supply of products to Johnson Electric for the production of the Alpha 4 project.

> **RESPONSE:** Falco objects to this Request because it is overly broad and unduly burdensome. Falco objects to this Request because it is not limited to a reasonable scope in relation to the claims and defenses in this action.

> Falco also objects as Johnson Electric, as a competitor, clearly seeks to obtain confidential and proprietary business dealings between Honeywell and Falco, and because it seeks information that is confidential and/or proprietary.  In any event, if the determination is made that this request must be complied with, Such information, to the extent produced by Falco, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

7.    **Request No. 7**: All documents related in any way to Falco's bid, quote, or

production of Honeywell 's Alpha 4 program, or any related component.

**RESPONSE:** Falco objects to this Request because it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

8.    **Request No. 8:** All documents that are related in any way to Honeywell's

March 5, 2019 E-Auction.

**RESPONSE:** Falco objects to Request No. 8 because it seeks information that is confidential and/or proprietary. Furthermore, Falco also objects to this Request because it seeks information that is more easily available from the E-Auction company that conducted said auction or can more readily be obtained by discovery from Honeywell.

9.    **Amended Request No. 9**: All purchase orders received by Honeywell between

April 2017 and the present any products related to the Alpha4 project or RexU products.

**RESPONSE:** Falco objects to Request No. 9 because it is overly broad and unduly burdensome. Moreover, the Request does not make sense as Johnson is requesting purchase orders received by Honeywell. Johnson Electric, as a competitor, clearly seeks to obtain confidential and proprietary business dealings between Honeywell and Falco, and it seeks information that is confidential and/or proprietary. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

10.    **Request No. 10:** All documents related to any meeting between Honeywell and

Falco regarding the Alpha 4 Program, including, but not limited to, calendar notices, agendas,

meeting notes and related correspondence.

**RESPONSE:** Falco objects to Request No. 10 because it seeks information that is confidential and/or proprietary.  . Falco also objects to Request No. 10 because it is overly broad and unduly burdensome. In any event, if the determination is made that this request must be complied with, such information should only be produced subject to a properly entered Protective & Confidentiality Order

11.    **Request No.  11:** All documents related to the design of the Alpha 4 Program

as an integrated meter base.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

**RESPONSE:** Falco objects to Request No. 11 because it seeks information that is confidential and/or proprietary.   In any event, if the determination is made that this request must be complied with, Such information, to the extent produced by Falco, such information should only be produced subject to a properly entered Protective & Confidentiality Order.

12.   **Request No. 12:** All documents related to any ANSI testing of any component

of the Alpha 4 Program.

**RESPONSE:** Falco objects to Request No. 12 because it seeks information that is confidential and/or proprietary.   Such information, to the extent produced by Falco, should only be produced subject to a properly entered Protective Order, which the parties have discussed. Furthermore, Falco also objects to this Request because it seeks information that can easily be obtained by discovery propounded to Honeywell. Falco also objects to Request No. 12 because it is overly broad and unduly burdensome.

Respectfully submitted,

/s/ Daniel A. Milian
Daniel A. Milian
Fla. Bar No. 74803
Email: dmilian@fowler-white.com

Luis S. Konski
Fla. Bar No. 207837
Email:  lkonski@fowler-white.com

Ana E. Tovar
Fla. Bar No. 1008100
Email: atovar@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

CASE NO. 3:19-CV-00146

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2020, the foregoing document was electronically filed with the Clerk of the Court using the Florida e-filing portal.  I also certify that the foregoing document is being served this day on the attached service list.

/s/ Daniel A. Milian
Daniel A. Milian

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 3:19-CV-00146

**<u>SERVICE LIST</u>**

Martin A. Foos, Esq.
Gottschlich & Portune, LLP
201 SE 6th Street
Dayton, OH 45402
mfoos@gplawdayton.com

Amanda M. Fielder
Warner Norcros & Judd, LLP
150 Ottawa Avenue, NW
Suite 1500
Grand Rapids, MI 49503
afielder@wnj.com

Michael G. Brady, Esq.
Warner Norcross & Judd, LLP
2000 Town Center
Suite 2700
Southfield, MI48075

R. Scott Keller
111 Lynon Street, NW
Suite 900
Grand Rapids, MI 49503
skeller@wnj.com

Thomas J. Manganello
Warner Norross & Judd, LLp
2000 Town Center
Suite 2700
Southfield, MI 48075
tmanganello@mnj.com

Christine M. Haaker, Esq.
Thompson Hine LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, OH 45342
christine.haaker@thompsonhine.com

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 3:19-CV-00146

Kelsey J. Mincheff, Esq.
Thompson Hine LLP
Austin Landing I
10050 Innovation Dr.
Suite 400
Miamisburg, OH 45342

Sean Patrick McCormick, Esq.
Thompson Hine LLP
10050 Innovation Drive
Suite 400
Miamisburg, OH 45342
sean.mccormick@thompsonhine.com

4817-8310-2144, v. 7

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200